Bertram B. Hughes and Florence Hughes v. Commissioner.
Hughes v. Commissioner
Docket No. 62366.
United States Tax Court
T.C. Memo 1958-133; 1958 Tax Ct. Memo LEXIS 94; 17 T.C.M. (CCH) 696; T.C.M. (RIA) 58133; July 11, 1958
*94 Bruce K. Denebeim, Esq., and James Evert Denebeim, Esq., 111 Sutter Street, San Francisco, Calif., for the petitioners. Thomas M. Mather, Esq., and Timothy T. Tuerck, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined the following deficiencies in income tax: Year
Amount
1952
$251.22
1953
670.98
The question for decision is whether the Commissioner properly disallowed certain claimed deductions. By amended petition petitioners also claim depreciation and expenses for an automobile allegedly devoted to business use. Findings of Fact The stipulated facts are so found. In the taxable years petitioners were husband and wife. They have since been divorced. Their joint returns for 1952 and 1953 were filed with the district director of internal revenue for the first district of California. Bertram was employed in 1952 and 1953 as body shop foreman and estimator by Doherty Brothers Ford Dealers. He was a working foreman earning $114.50 per week plus 10 per cent of customers' labor over $3,000. Florence was employed at Macy's. In 1952 petitioners reported income from their *95 employment as follows: Doherty Bros. $7,054.91; Macy's $2,953.77; total $10,008.68. For 1953 they reported income as follows: Doherty Bros. $8,234.14; Macy's $2,857.09; total $11,091.23. On their 1952 return petitioners claimed the following deductions: Contributions
$750.00
Interest
502.79
Taxes
521.58
Casualty loss
285.65
Allowable Medical and Den-
tal Expenses
214.26
Miscellaneous
446.80 The Commissioner disallowed these claimed deductions for lack of substantiation. On the 1953 return the following deductions were claimed: Contributions
$ 950.00
Interest
480.88
Taxes
466.08
Auto Collision
1,250.00
Miscellaneous
580.60 The Commissioner disallowed these deductions for lack of substantiation. During the taxable years, as indicated above, part of Bertram's compensation depended upon the amount of customers' labor. This in turn depended upon the amount of repair work referred to Doherty Bros. by insurance claims adjustors. It was to Bertram's business advantage to maintain good relations with these adjustors. For this purpose he expended not more than $100 in each of the taxable years for their "entertainment," consisting of *96 lunches and small gifts. Bertram needed an automobile for use in connection with his employment for the purpose of driving to the location of damaged cars to submit estimates of repairs. He purchased a 1952 Ford for this purpose at a cost of $1,900. The Ford was used only in his business. He purchased tires and paid for repairs for the car in both 1952 and 1953. His employer furnished the oil and gas. Bertram was required to furnish his own tools for use on his job. In 1952 he expended not more than $50 for tools and in 1953 not more than $100. Ultimate Facts In 1952 petitioners made the following deductible expenditures and suffered the loss indicated: Contributions
$ 250.00
Interest
196.39
Taxes
271.58
Casualty loss
285.65
Miscellaneous, incl. dep. and
repairs on car
890.72
$1,894.34
In 1953 petitioners made the following deductible expenditures: Contributions
$ 250.00
Interest
170.54
Taxes
291.08
Miscellaneous, incl. dep. and
repairs on car
954.46
$1,666.08
Opinion The questions are fact questions. The evidence consists mainly of the testimony of the petitioners, their daughter who was approximately thirteen years *97 of age in the taxable period, an insurance adjuster, a fellow employee and two witnesses from a bank and a title company. Documentary evidence is almost wholly lacking. The testimony was sketchy, general and inconclusive. Our findings of fact have resulted from the exercise of our best judgment as applied to the whole record, including the stipulated facts. . No allowance has been made for the expenditures for tools. Those expenditures, in our opinion, were for capital items and no depreciation was claimed in the pleadings. Decision will be entered under Rule 50.